UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL DAVID SCHLUTER,

        Defendant.

REPORT & RECOMMENDATION

09-CR-6224G

---

By Order of Hon. Frank P. Geraci, United States District Judge, dated April 25, 2013, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 90).

On April 5, 2013 defendant filed a motion to suppress statements that he made on January 31, 2009. (Docket # 84). On June 4, 2013, this Court held an evidentiary hearing at which Irondequoit Police Department Investigators Mark Bean and Jeffrey Bove testified about statements made by the defendant after he was taken into custody and transported to the police station on January 31, 2009. (Docket # 103). In a conference on November 14, 2013, the government represented that it would not seek to introduce any statements Schluter made during a discussion concerning a polygraph examination following Schluter's invocation at approximately 1:54 p.m. on January 31, 2009 of his right to an attorney in connection with the polygraph examination.

For the reasons explained more fully on the record on November 14, 2013, I recommend that the district court deny Schluter's motion (Docket # 84) to suppress evidence of

the statements that he made on January 31, 2009, except for any statements about a polygraph examination following Schluter's limited invocation of his right to an attorney at approximately 1:54 p.m. on January 31, 2009.

                                                                                            _Marian W. Payson_
                                                                                            MARIAN W. PAYSON
                                                                                 United States Magistrate Judge

Dated: Rochester, New York
       November 15, 2013

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*/s/ Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
　　　　November 15, 2013

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).