UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DAVID SCHLUTER,

          Movant,

    -vs-

UNITED STATES OF AMERICA,

          Respondent.

**ORDER**

**Civil Case
No. 6:18-cv-06596-MAT**

**Criminal Case
No. 6:09-cr-06224-FPG**

Represented by counsel, Michael David Schluter ("Schluter") has filed a motion to set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Schluter raises, among other grounds for relief, a claim that his trial counsel was ineffective for failing to ensure that the District Court issued a limiting instruction confining the jury's consideration of his State court plea colloquy to counts one and two (production and possession of child pornography) of the indictment and restricting the jury from considering the colloquy in relation to Count 3 (transportation of a minor for the purpose of engaging in sexual activity).

When Schluter raised this claim on direct appeal of his conviction, the United States Court of Appeals for the Second Circuit explained as follows:

> [a]ssuming, *arguendo*, that such an instruction would have been otherwise appropriate if requested, adjudication of this claim is premature because the record is insufficiently developed. Among other issues, Schluter's trial counsel has not had an opportunity to explain why he approved of the plea colloquy instruction despite it not directing the jury not to consider the evidence in the context of count three (transportation of a minor). This testimony may be outcome-determinative given that matters of trial tactics and strategy are "'virtually unchallengeable' absent exceptional grounds for doing so." *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005).

*United States v. Schluter*, 15-209 (2d Cir. May 19, 2017), Docket No. 108-1 at 5-6 (quotation and citation omitted). The panel "accordingly decline[d] to hear Schluter's ineffective assistance claim, without prejudice to his raising it as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *Id.* at 6.

As noted above, Schluter has reasserted this claim of ineffective assistance in the instant § 2255 Motion but did not submit an affidavit or declaration from trial counsel regarding his decision not to propose a limiting instruction. The Second Circuit has expressed a preference for affording former counsel an opportunity to respond to the allegations of a disaffected defendant. *See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.") (citing *United States v. Dukes*, 727 F.2d 34, 41 n. 6 (2d Cir. 1984) ("In the event that counsel accused of being incompetent is not called to testify or present evidence, the district court, before making any determination that counsel was incompetent, should provide counsel with that opportunity.")).

Here, given that Schluter's principal claim is one of ineffective assistance, it is appropriate that the Court hear from Schluter's trial counsel, James Vacca, Esq. ("Attorney Vacca") in connection with any ruling on the § 2255 Motion. Specifically, Attorney Vacca is requested "to explain why he approved of the plea colloquy instruction despite it not directing the jury not to consider the evidence in the context of

count three (transportation of a minor)." *United States v. Schluter*, 15-209 (2d Cir. May 19, 2017), Docket No. 108-1 at 5-6. To the extent that Attorney Vacca's response may implicate any communications between him and Schluter, the Court finds that by filing a motion for collateral relief in which he asserts ineffective assistance of trial counsel, Schluter has waived any attorney-client privilege protecting communications relevant to the particular claim raised. *See*, *e.g.*, *United v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. . . . Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.") (collecting circuit authority).

Attorney Vacca is directed to submit his affidavit in response to this Order by **December 31, 2019.** If Schluter and Respondent wish to file additional papers following Attorney Vacca's filing of his affidavit, their responses are due **January 15, 2020.**

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: November 27, 2019
Rochester, New York